IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEIGH A. NEWBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-10-1153-C |
| | ) | |
| STATE OF OKLAHOMA ex rel. | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| PUBLIC SAFETY; KEVIN WARD, | ) | |
| individually as former Commissioner | ) | |
| for the Oklahoma Department of Public | ) | |
| Safety; LARRY ALEXANDER, | ) | |
| individually as former Assistant | ) | |
| Commissioner for the Oklahoma | ) | |
| Department of Public Safety; | ) | |
| WELLEN POE, individually as former | ) | |
| General Counsel for the Oklahoma | ) | |
| Department of Public Safety; | ) | |
| MICHAEL C. THOMPSON, | ) | |
| individually as Commissioner for the | ) | |
| Department of Public Safety; and | ) | |
| CLINT DICKSON, individually as | ) | |
| Director of Administrative Services | ) | |
| for the Oklahoma Department of | ) | |
| Public Safety, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action following her termination from employment with the Oklahoma Department of Public Safety ("DPS"). In her Second Amended Complaint, Plaintiff asserted claims for retaliation in violation of Title VII, violation of her rights under the First Amendment; violation of her substantive due process rights under the Fourteenth Amendment, violation of Oklahoma state law in the form of a Burk tort; violation of

Oklahoma's Whistleblower Act, 74 Okla. Stat. § 840-2.5; negligent supervision, training, and retention; and intentional infliction of emotional distress. Defendant DPS filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), challenging Plaintiff's fourth, fifth, and seventh claims for relief. Specifically, Defendant DPS argues that Plaintiff has failed to state a claim for Burk tort, wrongful termination for a violation of the Oklahoma Whistleblower Act, and for intentional infliction of emotional distress. Defendant DPS argues that Counts 4 and 5 of Plaintiff's Second Amended Complaint must be dismissed, as the Oklahoma Supreme Court has determined that the exclusive remedy for the actions complained of therein falls within the Oklahoma Whistleblower Act, 74 Okla. Stat. § 840-2.5 et seq. Specifically, Defendant DPS relies upon the Oklahoma Supreme Court's decision in Shephard v. CompSource Okla., 2009 OK 25, 209 P.3d 288. According to Defendant DPS, in Shephard the Oklahoma Supreme Court determined that a Burk tort could not lie for violation of the Whistleblower Act as that Act provided an adequate remedy. In response, Plaintiff argues that Defendant's motion overlooks the nature of her complaint. According to Plaintiff, the allegations in Count 4 of her Second Amended Complaint do not rely on the Oklahoma Whistleblower Act to establish the public policy. Rather, the allegations in that complaint rely on other statutory and/or Oklahoma constitutional-based policies. Specifically, Plaintiff argues she relies upon 25 Okla. Stat. §§ 1302 and 1402 which prohibit discrimination in state government goods and services and Art. 2 § 22 of the Oklahoma Constitution as establishing the public policy which gives rise to her Burk tort claim.

The Court finds Plaintiff's arguments well founded.  The question currently pending before the Court is whether or not the statutory and constitutional provisions referenced by Plaintiff could create public policy, a violation of which would give rise to a <u>Burk</u> tort.  The Court finds that either provision could give rise to such a claim.  While Defendant is correct that <u>Shephard</u> specifically precluded assertion of a <u>Burk</u> tort claim premised on a violation of the Oklahoma Whistleblower Act, that case did not reach as far as Defendant DPS argues.  Further, whether or not Plaintiff's allegations are sufficient to state a claim for relief based on a <u>Burk</u> tort for alleged violation of 25 Okla. Stat. §§ 1302 and 1402 and/or Art. 2, § 22 of the Oklahoma Constitution is not challenged by Defendant.  Finally, Defendant does not argue that Plaintiff's claim for violation of the Whistleblower Act fails to state a claim for relief, only that Plaintiff cannot pursue a <u>Burk</u> claim under that Act.  Accordingly Defendant's request for dismissal of Counts 4 and 5 will be denied.

Defendant DPS next challenges Plaintiff's claim under Count 7 for intentional infliction of emotional distress.  Defendant relies upon § 153 of the Oklahoma's Governmental Tort Claims Act, 51 Okla. Stat. § 151 et seq. ("OGTCA").  According to Defendant DPS, that Act precludes liability against the State for actions of an employee which are outside the scope of employment.  In order to prove a claim of intentional infliction of emotional distress, Plaintiff must demonstrate that the employee's behavior was "outrageous."  <u>Breeden v. League Svcs. Corp.</u>, 1978 OK 27, ¶8, 575 P.2d 1374, 1376-77.  As a matter of law, Plaintiff cannot satisfy this element if an employee was acting in good faith.  See <u>McMullen v. City of Del City</u>, 1996 OK CIV APP 46, ¶ 8, 920 P.2d 528, 531.

"There is no way to prove a claim for [intentional infliction of emotional distress] if the defendant has acted in good faith." Plaintiff does not contest Defendant's motion in her response and the Court finds it well founded and supported. Accordingly, Defendant's Motion to Dismiss will be granted on the intentional infliction of emotional distress claim.

Finally, Defendant DPS challenges Plaintiff's claim for negligent supervision, training, and retention. Defendant argues that Plaintiff cannot demonstrate that Defendant DPS was aware of any dangerous propensities or tendencies of Defendants Ward, Alexander, Poe, Thompson, and/or Dickson. According to Defendant, there is nothing stated in the Second Amended Petition indicating any prior unlawful retaliation by the named Defendants or DPS's prior knowledge that they had engaged in unlawful retaliation. Defendant argues that because Plaintiff cannot show that it had prior knowledge of the propensity for these individual Defendants to act inappropriately it cannot be held responsible for negligently training, supervising, or retaining them. In response, Plaintiff argue that it can only learn of what DPS knew or didn't know regarding the individual Defendants' prior activities through discovery and that she has set forth sufficient factual allegations to permit the claim to go forward.

The Court finds Plaintiff's arguments well founded. While ultimately she may be unable to prove the requisite knowledge on the part of Defendant DPS, at this stage Plaintiff has sufficiently pleaded or raised allegations of the existence of that knowledge which warrant permitting the claim to proceed further. Accordingly, Defendant's Motion to Dismiss will be denied on this point.

Finally, Defendant DPS challenges Plaintiff's request for punitive damages against it. In support, Defendant DPS notes that 51 Okla. Stat. § 154C states that, "No award for damages in an action or any claim against the state or a political subdivision shall include punitive or exemplary damages." Here, Defendant DPS is a department of the government of the State of Oklahoma. 47 Okla. Stat. § 2-101(a). For these reasons, Plaintiff's claims for punitive damages as to Defendant DPS must be dismissed. Defendant's motion will be granted on this point.

For the reasons set forth more fully herein, Defendant DPS's Partial Motion to Dismiss (Dkt. No. 35) is granted in part and denied in part. Count 7 of Plaintiff's Second Amended Complaint and the request for punitive damages will be dismissed.

IT IS SO ORDERED this 28th day of December, 2011.

ROBIN J. CAUTHRON
United States District Judge